# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TONETTE LAUER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO BOARD OF EDUCATION, <br><br> Defendant. | Case No. 06 C 6165 <br><br> Hon. Harry D. Leinenweber |
| EBONY CRUMP, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO BOARD OF EDUCATION, <br><br> Defendant. | Case No. 07 C 196 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Tonette Lauer and Ebony Crump (hereinafter, the "Plaintiffs") have filed complaints alleging discrimination in their discharge from their positions as school clerks at Edwards Elementary School. The Court previously dismissed Principal Judith Sauri ("Sauri") as a Defendant and also dismissed Plaintiff Lauer's claim under the Americans with Disability Act (the "ADA"). The two cases were consolidated, and Defendant Chicago Board of Education

(hereinafter, the "Board") now moves for summary judgment on the remaining Title VII claims. For the following reasons, the Motion for Summary Judgment is **granted**.

## I. FACTS

Based upon the Defendant's statement of uncontested facts, the Plaintiffs' admissions, and in some cases, the Plaintiffs' failure to properly controvert the Defendant's factual assertions, the Court finds the following facts to be material and undisputed. *See* LR 56.1; *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D.Ill., 2000) (facts not properly denied are deemed admitted).

Tonette Lauer ("Lauer") is a white female. Ebony Crump ("Crump") is an African-American female. Both held the position of School Clerk I at Edwards Elementary School. Crump held a permanent position, and Lauer held a year-to-year position, which had to be renewed at the end of each year. The official job description for the School Clerk I position includes "preparing correspondence, sorting the mail, serving as a receptionist, greeting and directing visitors, scheduling appointments, receiving and placing telephone calls, processing payroll, maintaining attendance records, and responding to inquiries from students, parents, guardians, and the general public." Sauri was informed, however, that Lauer usually worked on orders and aided the assistant principal while Crump did payroll. At the end of the 2004-2005 school year, the former principal left and Judith Sauri

was hired, based in part on her bilingual-Spanish ability. When Sauri began her tenure at Edwards Elementary on July 1, 2005, she had not yet made any decisions about her administrative staff and she was unaware that the outgoing principal had failed to renew the yearly clerk position. When the yearly position automatically closed, Crump was "bumped" from the remaining permanent position by Lauer, who had more seniority. The Board sent Crump a letter on August 1, 2005 informing her that she would be laid off effective August 30, 2005.

When Sauri contacted the Board in August about reopening the yearly position, the budget office asked Sauri if the permanent clerk position should be designated bilingual because of the student demographics at Edwards. Based on her own observations and on discussions with the assistant principal and Local School Council members, Sauri believed the clerk position required someone who was bilingual to meet the needs of those students, parents, and guardians who did not speak English. Sauri requested that the permanent position be changed to bilingual-Spanish and that the yearly position also be reopened as bilingual-Spanish. Neither Lauer nor Crump speak Spanish. The Board sent Lauer a letter on September 16, 2005 informing her that she would be laid off effective September 30, 2005. The two clerk positions were subsequently filled by bilingual-Spanish individuals.

Since becoming principal at Edwards Elementary, Sauri has hired 48 new employees. Twenty-two have been non-Hispanic. Of

these twenty-two, ten were bilingual, and eight were bilingual-Spanish. The bilingual lead teacher is African-American. Board policy gives Sauri authority to lay off educational support personnel because of changes in duties or operational needs. The principal also has discretion to assign job duties.

## II. ANALYSIS

A plaintiff alleging Title VII discrimination can prove her claim using either the direct or indirect method of proof. *See Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003). Under the direct method, Plaintiffs must show an acknowledgment of discriminatory intent by the defendant or circumstantial evidence supporting an inference of intentional discrimination. *See Gorence v. Eagle Food Centers, Inc.*, 242 F.3d 759, 762 (7th Cir. 2001).

The Plaintiffs' claims of direct proof fall short of this standard. They offer no direct acknowledgment by Sauri or the Board that their terminations were based on their race or national origin. Nor do the two allegedly contradictory statements by Sauri that Plaintiffs identify create a convincing mosaic of discrimination. *Cf. Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994). Instead, Plaintiffs argue that because language and race are so closely intertwined, firing someone based on their inability to speak Spanish is the equivalent of firing them on the basis of their race. *See* Pls.' Resp. Br. at 2-3 (citing *Aghazadeh v. Maine Med. Center*, 1999 WL 33117182 (D.Me.,

1999) ("language is a close and meaningful proxy for national origin") and *Roman v. ABM Janitorial Northeast, Inc.*, 2007 WL 1612936 (D.N.J., 2007) ("the refusal to hire applicants who cannot speak English might be discriminatory if the jobs they seek can be performed without knowledge of that language")). However, Plaintiffs' wholesale reliance on *Aghazadeh* and *Roman* demonstrates a misunderstanding of either the holding of those cases or the standard for summary judgment. Both cases were decided under the very different standard of a motion to dismiss, and both cases go on to recognize that some actual *proof* of discrimination will be required when the case proceeds to the summary judgment stage. *See Aghazadeh*, 1999 WL 33117182 at \*5-6; *Roman*, 2007 WL 1612936 at \*2. To defeat summary judgment, Plaintiffs' theory that the Defendant is using a Spanish language requirement as a proxy for racial or national origin discrimination must move beyond mere speculation and be supported by some evidence beyond the bare allegations of their complaint. *See* Fed. R. Civ. P. 56(e).

Plaintiffs also fail to prove discrimination under the indirect method, using the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of discrimination, the plaintiff must show that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate expectations; (3) the employer took an adverse employment action against her; and (4) her employer treated

similarly situated individuals outside the protected class more favorably. *See Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 299 (7th Cir. 2004). If this *prima facie* case is established (and "not merely incanted"), the employer must set forth a legitimate, nondiscriminatory reason for its actions. *See id.* at 299-300. After production of a nondiscriminatory reason, the plaintiff must demonstrate that the reason offered is a mere pretext. *See id.* at 299.

Defendant admits the Plaintiffs' are members of a protected class who have suffered an adverse employment action, but the Board contends the Plaintiffs cannot show they were meeting their employer's legitimate expectations or that anyone similarly situated was treated more favorably. The Court believes the Plaintiffs may have a strong argument that they were meeting their duties *as explained to them*. *See Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1233 (7th Cir. 1980) (the employer is responsible for making clear what its expectations are). However, there can be no saving the Plaintiffs' failure to identify similarly situated employees. Outside of Lauer and Crump themselves, Plaintiffs completely fail to identify any other individuals (whether at Edwards or any other school in the Chicago School District) who are similarly situated. Instead, Plaintiffs claim that further depositions would need to be taken to discover whether similarly situated individuals were treated differently,

and Plaintiffs suggest that requiring them to identify such individuals "at this point in the litigation" would be inappropriate. Yet it is "at this point in the litigation" (the summary judgment stage) that the Court must assess whether the nonmoving party has sufficient evidence to warrant a trial. The time for the Plaintiffs to discover similarly situated individuals and gather the evidence they need to prove their case ended with the close of *discovery*. Plaintiffs can hardly expect to defeat a motion for summary judgment by claiming they do not yet have the evidence to prove their case.

This failure to demonstrate one of the required *prima facie* elements defeats the Plaintiffs' discrimination claims. *See Bio v. Federal Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005). Yet, even if the Plaintiffs had been able to establish a *prima facie* case, summary judgment in favor of the Defendant would still be appropriate. The Board has articulated a nondiscriminatory reason for its actions (the need to communicate with the students, parents, and school community that do not speak English), and that reason is legitimate. *See Armstrong v. Chicago Park Dist.*, 693 F.Supp. 675, 684 (N.D.Ill., 1988) (promotion based on bilingual ability presented a legitimate, nondiscriminatory reason); *Williams v. M.R.C. Polymers*, 2000 WL 263977 *7 (N.D.Ill., 2000) (same); *Watts v. Advance Transformer Co.*, 2003 WL 21696196 *2 (N.D.Ill., 2003).

Plaintiffs, in turn, fail to demonstrate that Defendant's stated reason is pretext. Pretext means a lie, not just an error. *See Herron*, 388 F.3d at 299. Plaintiffs must show not just that the decision was incorrect or undesirable, but that the employer did not honestly believe the reason it has given. *See Wolf v. Buss (America) Inc.*, 77 F.3d 914, 919 (7th Cir. 1996). To establish pretext, the Plaintiffs must demonstrate that the proferred reasons are: (1) factually baseless; (2) not the actual motivation for their discharge; or (3) insufficient to motivate the discharge. *See id.*

None of the above conditions are present in this case. Plaintiffs offer no evidence to contradict Principal Sauri's deposition testimony that the need for a bilingual clerk was the actual and sufficient motivation for Plaintiffs' termination. (Their bare denial of this fact, without citation to any evidence or support, must be taken as an admission under Local Rule 56.1. (*See Malec*, 191 F.R.D. at 584.) Nor does the decision lack a factual basis. Although Plaintiffs contest the foundation for Defendant's claims about the ethnicity and English proficiency of the student population, it is undisputed that many of the students' parents do not speak any English, that Principal Sauri was hired in part for her bilingual ability, and that neither Lauer nor Crump speak Spanish. It is further uncontested that the clerk positions were filled by bilingual-Spanish individuals that Sauri has hired

twenty-two non-Hispanic staff members (ten of whom are bilingual), and that the bilingual lead teacher is African-American. These facts belie the Plaintiffs' allegations that the Spanish-speaking requirement was instituted solely to discriminate against non-Hispanics. Instead, they paint a picture fully consistent with the Board's position that Sauri acted to meet the bilingual needs of her school. Plaintiffs fail to offer any evidence that this legitimate, non-discriminatory reason was pretext.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs completely fail to identify similarly situated individuals and they fail to provide any proof of pretext. In lieu of offering direct evidence of discrimination, they offer only speculation and their bare allegations of discriminatory intent. This is wholly insufficient to withstand summary judgment. Defendant's Motion for Summary Judgment is **granted.**

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

**DATE:** April 21, 2008